12-828-cr
United States v. Ezeobi

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand thirteen.

PRESENT: JOHN M. WALKER,
RICHARD C. WESLEY
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                        No. 12-828-cr

CHIDI EZEOBI,

*Defendant-Appellant.*

---

FOR APPELLANT:      JAMES M. BRANDEN, New York, NY.

FOR APPELLEES:      CARRIE H. COHEN, Assistant United States
Attorney (Shane T. Stansbury, Brent S.
Wible, Assistant United States Attorneys,
*on the brief*), *for* Preet Bharara, United
States Attorney for the Southern District
of New York.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order is **AFFIRMED**.

Defendant-appellant Chidi Ezeobi appeals from a February 16, 2012 judgment of conviction entered by the United States District Court for the Southern District of New York (Cote, *J.*) following a jury trial. We assume the parties' familiarity with the facts and procedural history of the case.

Ezeobi argues that the district court's admission of evidence regarding his arrest at London's Heathrow Airport over two years after the offense of conviction was improper under Federal Rule of Evidence 404(b). After careful review, we find it unnecessary to determine whether the district court erred by admitting this evidence because any such error was harmless. "In the absence of a constitutional violation, the erroneous admission of evidence is subject to the harmless error test of Federal Rule of Criminal Procedure 52(a)." *United States v. Grinage*, 390 F.3d 746, 751 (2d Cir. 2004). "A district court's erroneous admission of evidence is harmless if the appellate court can conclude with fair assurance that the

evidence did not substantially influence the jury." *United States v. Al-Moayad*, 545 F.3d 139, 164 (2d Cir. 2008) (quotation marks omitted).

The government's case included substantial evidence against Ezeobi regarding the offense of conviction, including testimony; phone, hotel, and bank records; and physical evidence.  In light of this, we cannot conclude that the allegedly "erroneously admitted evidence [went] to the heart of the case against the defendant" or that "the other evidence against the defendant [was] weak."  *See Grinage*, 390 F.3d at 751; *see also United States v. Garcia*, 413 F.3d 201, 217 (2d Cir. 2005) (evidentiary ruling was harmless where it "had no substantial and injurious effect or influence on the jury verdict." (internal quotation marks omitted)).  The fact that the jury in Ezeobi's case returned a mixed verdict, failing to convict him on two of the charged counts, further "demonstrates the jury was not confused and could segregate the 404(b) evidence from other evidence."  *United States v. McNair*, 605 F.3d 1152, 1205 (11th Cir. 2010).

We have considered all of Ezeobi's arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk